IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:18-CV-174-RJ

CAROL JOANN BULLOCK,

        Plaintiff/Claimant,

v.

ANDREW SAUL,
Commissioner of Social Security,

        Defendant.

O R D E R

This matter is before the court on the parties' cross-motions for judgment on the pleadings [DE-24, -31] pursuant to Fed. R. Civ. P. 12(c). Claimant Carol Joann Bullock ("Claimant") filed this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) seeking judicial review of the denial of her application for a period of disability and Disability Insurance Benefits ("DIB"). The time for filing responsive briefs has expired, and the pending motions are ripe for adjudication. Having carefully reviewed the administrative record and the motions and memoranda submitted by the parties, Claimant's Motion for Judgment on the Pleadings is denied, Defendant's Motion for Judgment on the Pleadings is allowed, and the final decision of the Commissioner is upheld.

## I. STATEMENT OF THE CASE

Claimant protectively filed an application for a period of disability and DIB on June 12, 2014, alleging disability beginning January 31, 2013. (R. 17, 158–61). Her claim was denied initially and upon reconsideration. (R. 17, 54–83). A hearing before the Administrative Law Judge ("ALJ") was held on March 14, 2017, at which Claimant, represented by counsel, and a vocational expert ("VE") appeared and testified. (R. 17, 33–50). On August 8, 2017, the ALJ issued a

decision denying Claimant's request for benefits. (R. 14–32). On August 8, 2018, the Appeals Council denied Claimant's request for review. (R. 3–8). Claimant then filed a complaint in this court seeking review of the now-final administrative decision.

## II. STANDARD OF REVIEW

The scope of judicial review of a final agency decision regarding disability benefits under the Social Security Act ("Act"), 42 U.S.C. § 301 *et seq.*, is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). "The findings of the Commissioner . . . as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). While substantial evidence is not a "large or considerable amount of evidence," *Pierce v. Underwood*, 487 U.S. 552, 565 (1988), it is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. "In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), *superseded by regulation on other grounds*, 20 C.F.R. § 416.927(d)(2)). Rather, in conducting the "substantial evidence" inquiry, the court's review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rationale in crediting the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## III. DISABILITY EVALUATION PROCESS

The disability determination is based on a five-step sequential evaluation process as set forth in 20 C.F.R. § 404.1520 under which the ALJ is to evaluate a claim:

> The claimant (1) must not be engaged in "substantial gainful activity," i.e., currently working; and (2) must have a "severe" impairment that (3) meets or exceeds [in severity] the "listings" of specified impairments, or is otherwise incapacitating to the extent that the claimant does not possess the residual functional capacity to (4) perform . . . past work or (5) any other work.

*Albright v. Comm'r of the SSA*, 174 F.3d 473, 475 n.2 (4th Cir. 1999). "If an applicant's claim fails at any step of the process, the ALJ need not advance to the subsequent steps." *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995) (citation omitted). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Id.* At the fifth step, the burden shifts to the ALJ to show that other work exists in the national economy which the claimant can perform. *Id.*

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. § 404.1520a(b)–(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a(c)(3). The ALJ is required to incorporate into his written decision pertinent findings and conclusions based on the "special technique." *Id.* § 404.1520a(e)(3).

In this case, Claimant alleges the following errors: (1) the ALJ failed to include a limitation for alternating between sitting and standing in the RFC, in accordance with a medical opinion from Dr. Robert Pyle, M.D.; and (2) the VE lacked necessary credentials, and the ALJ therefore improperly relied on her testimony. Pl.'s Mem. [DE-25] at 6–9.

3

## IV. ALJ'S FINDINGS

Applying the above-described sequential evaluation process, the ALJ found Claimant "not disabled" as defined in the Act. At step one, the ALJ found Claimant had not engaged in substantial gainful employment since January 31, 2013, the alleged onset date. (R. 19). Next, the ALJ determined Claimant had the following severe impairments: degenerative disc disease, lumbar spine; arthritis in the left knee; obesity; hernia; hypothyroidism; and depression. *Id.* The ALJ also found Claimant had nonsevere impairments of gastroesophageal reflux disease and hypertension. (R. 20). However, at step three, the ALJ concluded these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 20–22). Applying the technique prescribed by the regulations, the ALJ found that Claimant's mental impairments have resulted in moderate limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. (R. 21).

Prior to proceeding to step four, the ALJ assessed Claimant's RFC, finding Claimant had the ability to perform sedentary work[1] except that she cannot climb ladders, ropes, or scaffolds; she can occasionally climb ramps and stairs; she can occasionally kneel, crouch, and crawl; she must avoid working at unprotected heights; she is limited to simple, routine, repetitive tasks in an environment where changes are infrequent and are introduced gradually and where there is no interaction with the general public; and she can work in proximity to co-workers but should work

---

[1] Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. § 404.1567(a); S.S.R. 96-9p, 1996 WL 374185, at *3 (July 2, 1996). "Occasionally" generally totals no more than about 2 hours of an 8-hour workday. "Sitting" generally totals about 6 hours of an 8-hour workday. S.S.R. 96-9p, 1996 WL 374185, at *3. A full range of sedentary work includes all or substantially all of the approximately 200 unskilled sedentary occupations administratively noticed in 20 C.F.R. Part 404, Subpart P, Appendix 2, Table 1. *Id.*

4

on tasks alone. (R. 22–26). In making this assessment, the ALJ found Claimant's statements about her limitations not fully consistent with the medical and other evidence. (R. 23). At step four, the ALJ concluded Claimant did not have the RFC to perform the requirements of her past relevant work as a preschool teacher. (R. 26). Nonetheless, at step five, upon considering Claimant's age, education, work experience, and RFC, the ALJ determined Claimant is capable of adjusting to the demands of other employment opportunities that exist in significant numbers in the national economy. (R. 27–28).

## V. DISCUSSION

### A. The ALJ did not err in formulating the RFC.

Claimant contends that the ALJ erred in failing to include a limitation in the RFC for alternating between sitting and standing. Pl.'s Mem. [DE-25] at 6–8. An individual's RFC is the capacity she possesses despite the limitations caused by physical or mental impairments. 20 C.F.R. § 404.1545(a)(1); *see also* S.S.R. 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 254 (4th Cir. 2017) (defining the RFC as "the most [the claimant] can still do despite [his] physical and mental limitations"). "[T]he residual functional capacity 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting S.S.R. 96–8p). The RFC is based on all relevant medical and other evidence in the record and may include a claimant's own description of limitations arising from alleged symptoms. 20 C.F.R. § 404.1545(a)(3); *see also* S.S.R. 96-8p, 1996 WL 374184, at *5.

Where a claimant has numerous impairments, including non-severe impairments, the ALJ must consider their cumulative effect in making a disability determination. 42 U.S.C.

5

§ 423(d)(2)(B); *see Hines v. Brown*, 872 F.2d 56, 59 (4th Cir. 1989) ("[I]n determining whether an individual's impairments are of sufficient severity to prohibit basic work-related activities, an ALJ must consider the combined effect of a claimant's impairments.") (citations omitted). The ALJ has sufficiently considered the combined effects of a claimant's impairments when each is separately discussed along with a claimant's complaints and activities. *Baldwin v. Barnhart*, 444 F. Supp. 2d 457, 465 (E.D.N.C. 2005) (citations omitted). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence," as well as a "narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Id.*; *see also Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (observing that the ALJ "must build an accurate and logical bridge from the evidence to his conclusion").

In January 2015, Dr. Pyle, a state agency consultative examiner, issued an opinion at the reconsideration level. (R. 69–83). Dr. Pyle wrote that Claimant "[m]ust periodically alternate sitting and standing to relieve pain and discomfort." (R. 77). The ALJ gave great weight to Dr. Pyle's assessment. (R. 26). Claimant contends that because the ALJ gave great weight to the opinion, and because the opinion includes a limitation for alternating between sitting and standing, the ALJ erred in failing to include that limitation in the RFC or the hypothetical posed to the VE. Pl.'s Mem. [DE-25] at 6–8.

However, the ALJ was not required to adopt Dr. Pyle's opinion in whole. "It is well-settled that in according significant weight to a medical opinion, an ALJ is not bound to accept or adopt all the limitations set forth therein." *Morgan v. Colvin*, No. 5:15-CV-266-D, 2016 WL 4217822, at *5 (E.D.N.C. July 21, 2016) (collecting cases), *adopted by* 2016 WL 4218333 (E.D.N.C. Aug.

6

9, 2016); *see also Eddie v. Berryhill*, No. 5:16-CV-801-D, 2017 WL 4002147, at *4 (E.D.N.C. Aug. 24, 2017) ("the ALJ was not required to adopt fully the limitations suggested by Dr. Wilson's opinion because he assigned it great weight"), *adopted by* 2017 WL 3995813 (E.D.N.C. Sept. 11, 2017); *Gallion v. Berryhill*, No. 5:16-CV-00312-FL, 2017 WL 3431915, at *5 (E.D.N.C. July 26, 2017); *Bundy v. Colvin*, No. 5:14-CV-55-FL, 2015 WL 450915, at *5 (E.D.N.C. Feb. 3, 2015).

The ALJ adequately discussed Claimant's ability to sit and stand. The ALJ summarized Claimant's testimony that she cannot walk, stand, and sit for prolonged periods. (R. 22). The ALJ discussed Claimant's August 2014 consultative examination where she was diagnosed with chronic back pain and had difficulty performing postural movements, a steady gait, and no musculoskeletal deformities. (R. 23, 367–68). The ALJ noted Claimant's March 2015 x-ray that showed degenerative changes. (R. 23, 399). He also discussed Claimant's knee pain and arthritis, noting her March 2015 x-ray that showed moderate to severe degenerative changes and her records from her primary care doctor that reflect evidence of knee pain. (R. 24, 395, 402–96). The ALJ discussed Claimant's obesity and noted that it may relate to her difficulty with walking, sitting, or standing; the ALJ wrote that Claimant would be restricted from performing work that required sustained standing and walking for extended periods. (R. 24). Ultimately, the ALJ limited Claimant to sedentary work with no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs; occasional kneeling, crouching, and crawling; and no working at unprotected heights. (R. 22). The ALJ has built and accurate and logical bridge from the evidence to his conclusions. *See Clifford*, 227 F.3d at 872. Accordingly, the ALJ did not err in formulating the RFC, despite his decision not to adopt Dr. Pyle's opinion in whole.

**B.     The ALJ appropriately relied on the testimony of the VE.**

Claimant contends that the ALJ could not rely on the testimony of the VE because the VE

7

is identified in the decision as Vargas Vocational Consulting, an organization, and the person who appeared at the hearing has no resume or credentials in the record. Pl.'s Mem. [DE-25] at 8–11. It is true that the decision states: "Vargas Vocational Consulting, an impartial vocational expert, also appeared at the hearing." (R. 17). However, the person who testified at the hearing as a VE, Dawn Bergren, does have a resume in the record. (R. 226). Ms. Bergren's resume states that she has worked at Vargas Vocational Consulting as a vocational consultant from May 2013 to the present, and she "perform[s] assessments for clients including the Social Security Administration." *Id.* Claimant's contention that "[t]here is no resume setting out qualifications of a 'Dawn Bergren' in the disability file" is without merit, as is her argument that "[t]here is no evidence that Dawn Bergren is associated with Vargas Vocational . . . Consulting." Pl.'s Mem. [DE-25] at 9. The record clearly contains a resume identifying Ms. Bergren as an employee of Vargas Vocational Consulting and listing her professional experience and education. (R. 226). Moreover, Claimant's attorney at the hearing specifically stated that he had no objections to Ms. Bergren's qualifications. (R. 45). Accordingly, the ALJ did not err in relying on Ms. Bergren's qualifications and testimony.

## VI. CONCLUSION

For the reasons stated above, Claimant's Motion for Judgment on the Pleadings [DE-24] is DENIED, Defendant's Motion for Judgment on the Pleadings [DE-31] is ALLOWED, and Defendant's final decision is affirmed.

So ordered, this the 23rd day of September, 2019.

Robert B. Jones, Jr.
United States Magistrate Judge